FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2008 MAR 17 AM 9: 47
CLERK _____
SO. DIST. OF GA.

# In the United States District Court
## for the Southern District of Georgia
### Brunswick Division

PARNELL HERRINGTON,    :     CIVIL ACTION

      Plaintiff,   :

   v.   :

STATE BOARD OF PARDONS AND   :
PAROLES,

     : 

      Defendant.       NO. CV207-140

### O R D E R

Plaintiff, Parnell Herrington, filed this action against Defendant, State Board of Pardons and Paroles (the "State Board"), pursuant to 42 U.S.C. § 1983, challenging the State Board's failure to terminate Plaintiff's parole upon expiration of the terms of his sentence. Presently before the Court is the State Board's motion to dismiss. For the following reasons, Defendant's motion will be **DENIED**.

### FACTS

On January 25, 1988, Plaintiff pled guilty to two counts of burglary, one count of aggravated assault with intent to commit rape, and one count of robbery by force in Glynn County, Georgia, Superior Court. (Pl.'s Ex. 1.) Plaintiff

AO 72A
(Rev. 8/82)

was sentenced to 20 years confinement. (Id.) On the same date, Plaintiff pled guilty to one count of theft by taking a motor vehicle and was sentenced to five years confinement. (Pl.'s Ex. 2.) The plea agreement included the handwritten directive that "[s]aid sentence to run consecutively to the sentences imposed on Counts 1, 2, 3, and 4 of Indictment #8700258." (Id.)

Plaintiff filed this action pursuant to 42 U.S.C. § 1983 and submitted the applicable filing fee. In his complaint, Plaintiff alleges that he was sentenced on January 25, 1988, to 20 years confinement for Case Number 8700258 and five years confinement for Case Number 8700187. Plaintiff alleges that the 20 year sentence in Case Number 8700258 expired on March 1, 2007, and that the State Board has refused to terminate his parole as to Case Number 8700258. Plaintiff seeks declaratory judgment, costs and attorney's fees, and injunctive relief.

In lieu of a response, the State Board filed the instant motion to dismiss. Defendant argues that Plaintiff has failed to state a claim upon which relief can be granted because Defendant is not a "person" for purposes of 42 U.S.C. § 1983, and Plaintiff's claim is based on a misreading of his

2

sentencing documents.

**DISCUSSION**

In the Eleventh Circuit, "section 1983 actions are treated as habeas petitions if the relief requested under section 1983 would undermine the conviction." Prather v. Norman, 901 F.2d 915, 917 (11th Cir. 1990) (quoting Gwin v. Snow, 870 F.2d 616, 626-27 (11th Cir. 1989)). "Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983." Preiser v. Rodriquez, 411 U. S. 475, 490, 93 S. Ct. 1827, 1836, 36 L. Ed. 2d 439 (1973). Therefore, the proper vehicle for Plaintiff to challenge his custody pursuant to the judgment of a state court is an application for a writ of habeas corpus. See Thomas v. Crosby, 371 F.3d 782, 785-87 (11th Cir. 2004), cert. denied, 543 U.S. 1063, 125 S. Ct. 888, 160 L. Ed. 2d 793 (2005) ("There is no merit to Appellant's argument that § 2254 does not apply where a state prisoner challenges parole decisions rather than court rulings.")

Accordingly, Defendant's motion to dismiss (Doc. No. 4)

3

is **DENIED**. The Clerk of Court is **DIRECTED** to convert the cause of action to an application for a writ of habeas corpus and refund to Plaintiff any fee remitted in excess of that required to file a habeas petition.

The State Board is directed to respond to Plaintiff's complaint as a habeas corpus petition. **IT IS HEREBY ORDERED** that Respondent make answer in writing to the allegations of the petition by filing same with the clerk of this court within sixty (60) days after service of this Order. The answer must comply with Rule 5, 28 U.S.C. § 2254.

Petitioner and Respondent shall submit to the Court their respective briefs of law within the aforementioned sixty (60) day period. The briefs of law shall be no longer than twenty-five (25) typewritten pages double-spaced on letter-sized paper. Petitioner and Respondent shall refer to specific pages of the trial transcript in which it is contended that constitutional error did or did not occur.

After the filing of the answer and the motion to dismiss, the Court will then give consideration to the petition and to the answer and will determine whether to grant the writ, deny the writ, or set the matter down for hearing.

AO 72A
(Rev. 8/82)

**IT IS FURTHER ORDERED** that the Clerk of Court shall serve a copy of this Order upon the Petitioner. Additionally, a copy of the petition and a copy of this Order shall be served upon the Respondent by certified mail, return receipt requested. The Clerk is further directed to serve a copy of the petition and a copy of this Order upon Mary Beth Westmoreland, Deputy Attorney General of the State of Georgia by first class mail.

**SO ORDERED** this ___17th___ day of March, 2008.

JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

5

AO 72A
(Rev. 8/82)