IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

2008 OCT -2 P 4:51

| PARNELL B. HERRINGTON, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO.: CV207-140 |
| STATE BOARD OF PARDONS AND PAROLE, | : |
| Defendant. | : |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Presently before the Court is Petitioner Parnell Herrington's ("Herrington") converted petition for writ of habeas corpus. Respondent has filed an Answer-Response. For the reasons which follow, Herrington's petition should be **DISMISSED**.

## STATEMENT OF THE CASE

Herrington filed this cause of action ostensibly pursuant to 42 U.S.C. § 1983 and asserted the State Board of Pardons and Paroles violated his constitutional rights by keeping him on parole after the expiration date of his term. Respondent filed a Motion to Dismiss Herrington's cause of action and asserted the State Board of Pardons and Paroles is not a "person" for purposes of section 1983 litigation. Herrington filed a Response. The Honorable Anthony A. Alaimo denied Respondent's Motion to Dismiss and converted Plaintiff's section 1983 action into a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 6). By this same Order, Judge Alaimo directed the State Board of Pardons and Paroles to respond to Herrington's petition. Judge

AO 72A
(Rev. 8/82)

Alaimo also directed Herrington and Respondent to submit briefs for the Court's consideration. Respondent filed an Answer-Response as well as a supporting Brief. Herrington, on the other hand, has filed nothing in response to Judge Alaimo's Order.

## DISCUSSION AND CITATION TO AUTHORITY

In its Response, Respondent asserts Herrington's claims are without merit. Respondent asserts Herrington's theft sentences were to run consecutively, which he failed to acknowledge. Respondent alleges Herrington also failed to acknowledge the state court entered an order correcting a scrivener's error contained in an earlier judgment, and this corrected order made it clear Herrington received a total sentence of 25 years to serve. Respondent asserts alleged violations of a state constitution do not offer relief in a habeas action. Finally, Respondent asserts Herrington's petition should be dismissed due to his failure to exhaust his state court remedies.

A district court is required to dismiss federal habeas claims that a petitioner has a right to raise, by any available procedure, in state court. See 28 U.S.C. § 2254(b)(1)(A). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). As the Eleventh Circuit has explained, "[a] state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts." Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001).

"No person who has been placed on parole shall be discharged therefrom by the board prior to the expiration of the term for which he was sentenced[.]" O.C.G.A. § 42-9-52. The Department of Corrections is the entity which calculates the amount of time a

prisoner is to serve. If a prisoner (or parolee) is "aggrieved by the calculations" of the Department of Corrections, the proper course to follow would be in a mandamus action in the state. "It is firmly established under Georgia law that a parole [board's] decision can be challenged by filing a petition for writ of mandamus." Davis v. State Bd. of Pardons & Paroles, 271 F. App'x 975, 975 (11th Cir. 2008) (citing Brown v. Barrow, 512 F.3d 1304, 1308 (11th Cir. 2008)).

Herrington had the option of filing a writ of mandamus action in the state court system as a remedy available to him, and, based on the record before the Court, it appears he failed to do so. Herrington failed to exhaust his available state court remedies, and he offers nothing to refute Respondent's assertions.

It is unnecessary to address the remaining assertions contained in Respondent's Answer.[1]

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Herrington's converted petition for writ of habeas corpus be **DISMISSED**.

**SO ORDERED**, this 2 day of October, 2008.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

---

[1] Respondent cites to exhibits in its Answer-Response which should have been filed with the Court. The undersigned was unable to locate these exhibits. However, given the undersigned's recommended disposition of Herrington's petition, the review of these exhibits would be immaterial.